UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEREMY PEROT, Plaintiff | CIVIL ACTION NO. 1:18-CV-827-P |
| VERSUS | JUDGE DEE D. DRELL |
| KEITH DEVILLE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

**REPORT AND RECOMMENDATION**

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Jeremy Perot ("Perot") (#576094).  Perot is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana.  Perot complains that Defendants failed to protect him from harm inflicted by other inmates when he was incarcerated at Winn Correctional Center ("WCC") in Winnfield, Louisiana.   (Docs. 1, 9-2).

Because Perot cannot establish that Defendants violated his constitutional rights, his complaint should be dismissed.

I.   **Background**

Perot alleges he was stabbed in his sleep at WCC.  (Doc. 1 p. 3).  Perot tried to fight off the attacker, then ran to the bars to call for help.  Eventually, Perot saw Lt. Flowers, who removed Perot from the tier.  (Doc. 1, p. 3).  Perot was transported to the hospital for treatment.  (Doc. 1, p. 3).

Perot was later informed that the "camera system did not work." (Doc. 1, p. 3). Perot complains that, had the cameras been working, they would have captured his

call for help, and someone would have responded quicker. (Doc. 1, p. 3). Perot also complains that officers make rounds roughly every 45 minutes. (Doc. 1, p. 3). Perot concludes that, had officers made rounds more frequently, his injuries would have been minimized. (Doc. 1, p. 3).

## II.    Law and Analysis

### A.    Perot's complaint is subject to screening under 28 U.S.C. § 1915(e)(2) and § 1915A.

Perot is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 8). As a prisoner seeking redress from an officer or employee of a governmental entity, Perot's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Perot's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl.</u> <u>Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

### B.    <u>Perot has not alleged deliberate indifference.</u>

Prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33 (1994). Prison officials are not, however, expected to prevent all inmate-on-inmate violence. <u>Id.</u> at 834. Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. <u>See</u> <u>id.</u> A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk. <u>Id.</u> at 837. A prison official "knows of" an excessive risk only if: (1) he is aware of facts from which he could infer "that a substantial risk of serious harm exists;" and, (2) he "draw[s] the inference." <u>Id.</u> In other words, in order to be deliberately indifferent, a prison official must be subjectively aware of the risk. <u>Id.</u> at 839-40.

Perot does not allege that, prior to the attack, any Defendant was aware of facts that would infer Perot was going to be harmed. There is no suggestion that any Defendant was aware of an excessive risk to Perot's safety prior to the attack. In fact, Perot was not even aware of a risk to his safety. Perot has not alleged deliberate indifference by Defendants that resulted in his attack.

Perot alleges that, following the attack, he learned that the security cameras were not working. Perot claims that that, had the cameras been working, his injuries

would have been less severe.   This allegation is hypothetical, conclusory, and unsupported.

Perot's argument that officers should make rounds more frequently then every 45 minutes fails to state a claim for which relief can be granted.   Even if there is a prison regulation requiring more frequent rounds, a violation of a prison regulation, without more, does not state a constitutional violation.   See Gibson v. Fed. Bureau of Prisons, 121 Fed. Appx. 549, 551 (5th Cir. 2004) (citing Edwards v. Johnson, 209 F.3d 772, 779 (5th Cir. 2000)).   Perot has not alleged that rounds were made with deliberate indifference to his safety.

### C.    Perot cannot establish liability of LaSalle Management Company.

Perot claims LaSalle Management Company is liable for the acts of its employees and for failing to properly train and manage its staff.   However, a privately managed prison cannot be vicariously liable under a theory of respondeat superior for constitutional violations of its employees.   See Olivas v. Corr. Corp. of Am., 215 F. App'x 332, 333 (5th Cir. 2007).

A private corporation performing a government function is liable under § 1983 only if: (1) there is a policymaker who could be held responsible, through actual or constructive knowledge, for enforcing a policy or custom that caused the claimed injury; (2) the corporation had an official custom or policy that could subject it to § 1983 liability; and (3) the corporate action was taken with the requisite degree of culpability, and there was a direct causal link between the action and the deprivation of federal rights.   See Olivas v. Corr. Corp. of Am., 408 F. Supp. 2d 251, 255 (N.D.

Tex. 2006), aff'd sub nom. Olivas, 215 F. App'x at 332 (citations omitted). The Supreme Court has held that, in order to establish liability under § 1983, a plaintiff must prove that a policy, custom, or practice of an entity was the "moving force" behind the constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

Perot has not alleged culpability by LaSalle Management Company. Nor has Perot alleged that he was attacked because of an unconstitutional policy or custom of LaSalle Management Company.

## III.    Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Perot's complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b),

shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  27th  day of August, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge